# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00360-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Khabir Wahid, | |
| Defendant. | |

At issue is a document entitled "Demands for Production of Statements and Reports of Witnesses United States Code Title 18 3500(b)" (Doc. 55), which Defendant filed January 30, 2018, requesting "a copy of the Affidavit that should've been attached to said warrant dated and filed March 14, 2017," and any grand jury witness testimony. It is unclear to the Court whether Defendant intended the filing to be a motion to compel production of such documents or whether it was a request or demand directed to the United States Attorney. Because a defendant seeking discovery in a criminal case need not file its requests for discovery from the government with the Court, the Court will treat the filing as a Motion to compel production. For the following reasons, the Court will strike the motion, with leave to refile in compliance with the applicable rules and this Court's requirements, should Defendant elect to do so.

First, all discovery and disclosure provided in this case by the government was delivered to Defendant's former counsel and current stand-by counsel, Mr. McBee. Defendant shall obtain from Mr. McBee all such discovery, save for the material subject

to the Court's protective order which, as the Court ruled at the January 30, 2018 hearing, shall remain in Mr. McBee's custody. Defendant shall review all of that material--including the material retained by Mr. McBee--to determine whether any materials sought already have been provided.

Second, if any materials sought are not among the discovery already produced, Defendant shall meet and confer with counsel for the government, at least by live telephonic conversation, to attempt to resolve any issue with production.

Third, if the meet and confer does not resolve the issue, either by an agreement to produce requested information or an understanding that the material either does not exist or is not properly produced at this time, Defendant may file a motion with the Court that must comply with and properly cite the applicable law and rules of procedure. The Court notes that in support of his request for the search warrant affidavit, Defendant stated his request was "in accordance to Federal Rules of Criminal Procedure Rule 5(1)(A) and Federal Rules of Criminal Procedure 9(a)." There is no Rule 5(1)(A) in the Federal Rules of Criminal Procedure, and Rule 9(a) does not address the disclosure of an affidavit in support of an arrest warrant. And to the extent Rule 9(a) mentions affidavits at all, it is in connection only with a person charged by Information, not by Indictment. Defendant here was charged by Indictment before a federal grand jury. There is no affidavit in connection with an Indictment proceeding. Thus, there was no affidavit "that should've been attached to said warrant dated and filed March 14, 2017," as Defendant claimed in his filing. In sum, Defendant's citations to rule in support of his filing are completely errant, and his filing is hampered by an apparent lack of understanding of criminal procedure at least as to the foundations for an arrest warrant on an Indictment. The Court identifies these issues now, immediately after Defendant has elected to represent himself, so that Defendant may understand what is necessary to comply with the applicable rules and avoid losing future motions simply because of failure to so comply or to understand the subject matter before the Court.

1     **IT IS ORDERED** striking Doc. 55, with leave to refile in accordance with this Order.

Dated this 2nd day of February, 2018.

_____
Honorable John J. Tuchi
United States District Judge