1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona

3  Kristen Brook
   Arizona State Bar No. 023121
4  kristen.brook @usdoj.gov
   Joseph E. Koehler
5  Arizona State Bar No. 013288
   joe.koehler@usdoj.gov
6  Assistant United States Attorneys
   Two Renaissance Square
7  40 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004
8  Telephone: 602-514-7500
   Attorneys for Plaintiff
9

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE DISTRICT OF ARIZONA

12

13   United States of America,                No. CR-17-00360-01-PHX-JJT

14                    Plaintiff,

15           v.                                **GOVERNMENT'S CONSOLIDATED
                                               MOTIONS *IN LIMINE***
16

17   Abdul Khabir Wahid,

18                    Defendant.

19

20          The United States, by and through undersigned counsel, hereby moves *in limine* to

21   exclude arguments, exhibits, and testimony regarding matters irrelevant to the factual

22   determinations to be made by the jury in the instant case and matters which are otherwise

23   barred by the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the

24   Local Rules of the United States District Court for the District of Arizona. Specifically, the

25   United States requests the Court preclude the Defendant, Abdul Khabir Wahid, from: (1)

26   publishing court opinions, statutes, or regulations to the jury; (2) stating legal opinions or

27   quoting legal precedent while testifying in his own defense; (3) asking questions during

28   cross examination that would require a fact witness to give a legal opinion; (4) referencing

the subject matter of his pretrial motions in the presence of the jury; (5) introducing evidence of his medical conditions, unless such evidence is relevant to the question of whether he was capable of forming the necessary mental state to commit the crimes alleged in the Indictment; (6) introducing sexual-orientation evidence; (7) challenging alleged misconduct by FBI special agents in connection with execution of a search warrant at his home on or about June 10, 2015 (after the offenses alleged in the Indictment); and (8) introducing or alluding to inadmissible hearsay evidence.

The United States further requests this Court require standby counsel to review in advance Wahid's opening statement and closing argument, cross-examinations, and direct testimony to assure compliance with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the District of Arizona.  Additionally, the United States requests this Court require standby counsel to be prepared to assume the representation of Wahid if Wahid fails to comply with this Court's limitations.

This motion is based, in part, upon the substance of Wahid's pretrial motions, which advanced certain beliefs common to the "sovereign citizen" movement in an attempt to convince the Court to dismiss the case for lack of jurisdiction, or, in the alternative, to recuse itself from the case. Wahid's pretrial motions indicate his intent to present exhibits, testimony, and arguments at trial challenging the legal authority of this Court and the federal government as a whole, based on dense, complex, and fundamentally specious interpretations of the United States Constitution, the United States Code, the Code of Federal Regulations, the Uniform Commercial Code, and numerous federal and state judicial opinions. Although similar theories have been universally rejected by every circuit,[1] they will — if introduced at trial — usurp the authority of the Court to instruct the

---

[1] *See, e.g., United States v. Mitchell*, 405 F.Supp.2d 602, 603–04 (D. Md. 2005) ("[D]efendant's arguments are patently without merit. Perhaps they would even be

jury on the law and confuse jurors regarding their role as finders of fact and not of law. Therefore, the United States submits this motion *in limine* to apprise the Court of Wahid's potential improper arguments and to prevent him from presenting them to the jury.

## I.    Factual Background and Procedural History

The Indictment in this case charges Wahid with one count of making false statements to FBI agents under Title 18 U.S.C. § 1001(a) (Count 1), and one count of witness tampering under Title 18 U.S.C. § 1512(b)(3) (Count 2).  Both counts arise from Wahid's statements and conduct during the course of the FBI's investigation after Elton Simpson and Nadir Soofi, both of whom were associated with Wahid, attempted to conduct a terrorist attack on the Muhammad Art Exhibit and Contest held at the Curtis Culwell Center in Garland, Texas, on May 3, 2015.

On May 3, 2015, Simpson and Soofi drove up to the scene of the event, got out of their car, and opened fire with assault rifles at a security guard and a police officer. Police officers on the scene returned fire, killing Simpson and Soofi. Investigation after the attack revealed Simpson and Soofi attempted to conduct the attack on behalf of the Islamic State

_____

humorous—were the stakes not so high. To begin with, the U.C.C. has no bearing on criminal subject matter jurisdiction."); *El-Bey v. City of Greensboro,* No. 1:10CV572, 2011 WL 4499168 (M.D.N.C. Sept. 27, 2011) (describing the complaint of a "frequent and enthusiastic" sovereign citizen litigant as "baseless, frivolous, and vexatious"); *United States v. Jagim*, 978 F.2d 1032, 1036 (9th Cir. 1992) (rejecting "imaginative" argument that defendant cannot be punished under the tax laws of the United States because he is a citizen of the "Republic" of Idaho currently claiming "asylum" in the "Republic" of Colorado); *United States v. Cooper*, 170 F.3d 691 (7th Cir. 1999) (imposing sanctions on tax protester defendant making "frivolous squared" argument that only residents of Washington, D.C. and other federal enclaves are citizens of the United states and subject to federal tax laws).

(ISIS), a designated foreign terrorist organization.[2]  The United States will prove Simpson and Soofi, along with others, were involved in a conspiracy to provide material support in the form of personnel, including themselves, and services to ISIS, by planning to conduct attacks within the United States.  Much of this proof will come from materials found at the scene of the attack and on electronic devices found there and in Simpson's and Soofi's apartment.

In the days following the attack, FBI special agents interviewed a large number of people, including Wahid, in an effort to determine (1) Simpson's and Soofi's motives for committing the attack, (2) whether other persons were involved in plotting the attack, and (3) whether any other attacks had been planned or were being planned.  Agents also interviewed A.S., and learned Wahid had encouraged A.S. not to speak to the FBI, and to lie to agents about his knowledge of the activities of Simpson, Soofi, and others prior to the attack.

The United States' case-in-chief will delve into the attack itself in order to demonstrate the attack involved an act of international or domestic terrorism, to provide background for the materiality of Wahid's alleged false statements, and to establish Wahid's state of mind in relation to his alleged efforts to tamper with witness A.S.  The United States also will establish the statements Wahid made to agents during post-attack interviews and demonstrate the falsity of those statements. Finally, the United States will establish Wahid's attempts to corruptly persuade A.S. not to speak to FBI agents and to lie to FBI agents about events he witnessed prior to the attack.

Although some events relevant to the charges in this case occurred prior to May 3, 2015, Wahid's conduct that forms the basis of Count 1 of the Indictment occurred on or about May 6, 2015.  Wahid's conduct that forms the basis for Count 2 of the Indictment

---

[2] The Islamic State also has been known as the Islamic State of Iraq and the Levant (ISIL), and the Islamic State of Iraq and al-Sham (ISIS).

occurred between on or about May 4, 2015, and on or about July 8, 2015.  FBI agents executed a search warrant at Wahid's residence on June 10, 2015.  Wahid has not been charged with participating in the Garland attack itself, and the government does not anticipate using any evidence recovered from Wahid's home during the execution of the search warrant.

On June 15, 2018, Wahid filed an Affidavit for Demand to Dismiss Due to Lack of Territorial Jurisdiction ("Motion to Dismiss"), in which he used pseudo-legal rhetoric typical of the "sovereign citizen" ideology to claim the United States lacks jurisdiction over his person and over the District of Arizona.  (CR 62). On July 13, 2018, Wahid filed an amended Motion to Dismiss and an Affidavit to Invoke Power of Attorney, in which he named himself as both the grantor and the attorney-in-fact. (CR 65, 66). On July 17 and 20, 2018, Wahid filed addenda to his amended Motion to Dismiss. (CR 67, 69). On July 23, Wahid submitted an objection to a recent protective order, claiming it was "a white wash and cover up" and was intended to "get around not answering my affidavits especially if they have to admit in the Affirmative meaning I am Right." (CR 70, 71). Wahid filed a Motion for Answer addressed to the Court on August 6, 2018, and amended it on August 8, 2018, demanding the Court respond to his previous filings. (CR 75, 76). On August 16, Wahid filed a motion to recuse the Court, alleging "bias and prejudice" and a "procedural due process violation."  (CR 78). On August 20, 2018, Wahid filed his Motion for Intent to Introduce the Affidavit for Demand to Dismiss due to Lack of Territorial Jurisdiction as Evidence, making it clear that he intends to publish to the jury his various legal theories concerning federal jurisdiction.  (CR 79).  That same day, Wahid filed a document styled as a "Motion for Supplement of Proof of U.S. Lack of Territorial Jurisdiction."  (CR 80.)

## II.    Wahid Should Not Be Permitted to Instruct the Jury on the Law

As a preliminary matter, the courts have made it clear that a defendant should not be allowed to confuse the jury with incorrect interpretations of the law. "In our judicial system the court instructs the jury on the applicable law and directs the jury to determine

the facts from the evidence and to apply the law as given by the court to those facts. The law is neither introduced as evidence nor presented through witnesses at trial." *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979) (*citing Cooley v. United States*, 501 F.2d 1249 (9th Cir. 1974)) (citations omitted). Moreover, "it is within the sole province of the court to determine the applicable law and instruct the jury as to that law." *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) (citations omitted). "The law is given to the jury by the court and not introduced as evidence . . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (*quoting Cooley*, 501 F.2d at 1253–54). Juries decide facts and apply to those facts the law as it is given to them by the judge. *See id*. Thus, Wahid may neither introduce his pre–trial motions as evidence nor argue their substance before the jury; he must limit his arguments to the facts presented during trial and the Court's instructions.

## A. Wahid Should Not Be Permitted to Invade the Province of the Court by Publishing Court Opinions, Statutes, or Regulations to the Jury

Some of the exhibits Wahid likely will attempt to offer into evidence include selections from the Constitution, the United States Code, the Uniform Commercial Code, and current and obsolete case law. These materials should be excluded as confusing to the jury and invasive of the Court's province. *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005) ("[T]he district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law, especially when the defendant has constructed an elaborate, but incorrect, view of the law . . ."). Juries may not decide what the law is and should not be given the opportunity to do so. *Hill*, 167 F.3d at 1069. Admission of written copies of court opinions, statutes, and regulations amounts to legal instruction and only serves to confuse the jury regarding the law and to invite disagreement with the Court's final instructions. *See United States v. Flitcraft*, 803 F.2d 184, 186 (5th Cir. 1986) (holding case law and other documents offered by the defendant

as evidence of reliance were properly excluded as they suggested to the jury that the law was unsettled and that the jury should resolve the legal uncertainty) (*citing Cooley*, 501 F.2d at 1253); *see also United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992) (holding that in relation to crimes of specific intent, "statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance").

**B. Should Wahid Elect to Testify in His Own Defense, He Must be Prevented from Stating Legal Conclusions While Doing So**

Wahid may elect to testify in his own defense. He may not, however, be permitted to state legal opinions during his testimony, nor quote legal precedent to support it. Testimony containing a legal conclusion is generally unhelpful to the trier of fact. "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres v. County of Oakland*, 758 F.2d 147, 149 (6th Cir. 1985); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

Application of the above precedent to Wahid's case is relatively straightforward. Wahid's August 20, 2018, Motion for Intent to Introduce the Affidavit for Demand to Dismiss due to Lack of Territorial Jurisdiction as Evidence explicitly indicates his intent to enter his Motion to Dismiss as evidence at trial. In the motion, Wahid states his reason for doing so "is because it is my defense which is Lack of Jurisdiction according to Federal Rules of Criminal procedure Rule 12 (2)."

None of Wahid's pre-trial motions is admissible at trial. In fact, as the following representative quotes show, Wahid's pre-trial motions rely on unrelated regulations and misconstrued statutes to advance jurisdictional arguments untethered from objective reality: "It is a known fact that the United States is not the landmass of the entire country it is only domiciled in the District of Columbia or D.C. according to Uniform Commercial Code Article 9 section 307 (h)." (CR 62 at 3); "[B]esides the U.S. not showing any

jurisdiction over my being it doesn't simply have jurisdiction over my being because it's exclusively located in D.C. it's mainly because it is a foreign district and all the 50 states are foreign to it . . . It is a known fact that the United States is foreign to the 50 states according to Corpus Juris Secundum Volume 20 ( P 1785: NY re: Merriam, 36 N.E. 505 1441 S. Ct. 1973, 41 L. Ed. 287 ) it states " The United State Government is a foreign corporation with a respect to a State." (CR 62 at 8); "I am also aware that the United States is a corporation (legal fiction) this can be found in 28 U.S.C. section 3002 (15)(a) A Federal Corporation. Which brings me to say I rebut the presumption that I am a United States Corporate Citizen and as of April 2, 2018, I have effectively dissolved the corporation of "ABDULKHABIR WAHID". Please see Exhibit A copy of I.R.S. for 966 Corporate Dissolution or Liquidation." (CR 62 at 9).

Wahid has filed no less than ten separate pretrial motions seeking the dismissal of the charges against him and the recusal of the Court based entirely on arguments equivalent in substance to the representative quotes above. These pretrial motions are the epitome of the dangers of legally-conclusory testimony. Therefore, they should not be entered into evidence; nor should they be referenced in any way in the presence of the jury.

If, despite a ruling to the contrary, Wahid attempts to introduce into evidence any line of argument similar in substance to those of his pretrial motions, the United States respectfully requests this Court immediately issue a limiting instruction, terminate Wahid's right to self–representation, and order standby counsel to represent him in his stead.

**C. Wahid Should Be Prevented From Asking Questions during Cross Examination that Would Require a Fact Witness to Give a Legal Opinion**

The government also moves to limit the scope of Wahid's cross-examination to the facts of the case. Wahid should be prohibited from asking questions to fact witnesses as a method of confusing the jury regarding the state of the law. *See United States v. Middleton*, 246 F.3d 825, 837 (6th Cir. 2001). Such questioning would go beyond the scope of direct examination and should be limited accordingly. *See Delaware v. Van Arsdall*, 475 U.S.

673, 679–80 (1986) (holding the Confrontation Clause is not absolute and it is within a court's discretion to limit inappropriate questioning); *see also United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987) (upholding the district court's granting of a motion in limine precluding cross-examination of IRS employees, who were government witnesses, regarding the requirements of 26 U.S.C. § 6020(b)).

## III.   Although Wahid is Representing Himself, He Must Nevertheless Adhere to the Federal Rules of Evidence

### A. Evidence that is Irrelevant and Unfairly Prejudicial

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. The Court may exclude relevant evidence if its "probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. This Court is given "wide latitude" in determining whether the probative value of evidence is substantially outweighed by unfair prejudice under Rule 403. *United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993) (no error to allow evidence of defendant's gang membership and possession of weapons in a drug prosecution). The Ninth Circuit will uphold a district court's Rule 403 determinations "absent clear abuse of discretion." *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996). "In the event that abuse is found, the harmless error rule applies." *United States v. Gillespie*, 852 F.2d 475, 478 (9th Cir. 1988).

### 1. Medical Conditions That Have No Bearing on Wahid's Mental State

The United States anticipates Wahid may seek to introduce evidence relating to his various medical conditions that have no relevance to the crimes for which he has been charged. Even if evidence relating to Wahid's medical conditions was relevant, it carries with it a high probability of unfair prejudice and jury confusion. Thus, should Wahid seek

to introduce such evidence — whether by the introduction of medical records or by expert testimony — the United States respectfully requests the Court preclude him from doing so.

## 2. Sexual Orientation Evidence

The United States anticipates Wahid may seek to introduce sexual-orientation evidence at trial. Such evidence is irrelevant to the facts at issue and must be precluded. For example, in *People v. Hodge*, 2007 NY Misc. LEXIS 7170 (N.Y. Sup. Ct. 2007), the indictment against the defendant was dismissed because the prosecution presented evidence of the defendant's sexual orientation to the grand jury and attempted to frame it as relevant to the charges against him. The Court held, "Even the most generous interpretation of the evidence of defendant's sexual orientation as relevant—that because he dressed like a woman he likely stole the victim's hair products and shoes—was such an incredible leap of logic as to astound the Court." *Id.*

In addition to being wholly irrelevant to proving or disproving either of the counts with which Wahid has been charged, the introduction of sexual-orientation-related-evidence would be unfairly prejudicial and contrary to the Ninth Circuit's jury instructions and precedent. *See* Ninth Circuit Manual of Model Criminal Jury Instructions §§ 1.1, 3.1, 7.1 ("You should . . . not be influenced by any person's race, color, religion, national ancestry, or gender [or] sexual orientation . . ."); *see also United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988) ("Evidence of homosexuality is extremely prejudicial") (*citing Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (introduction of evidence of homosexuality created a "clear potential that the jury may have been unfairly influenced by whatever biases and stereotypes they might hold with regard to homosexuals").

## 3. Alleged Misconduct by FBI Agents during the Execution of a Search Warrant

The United States anticipates Wahid may seek to introduce evidence relating to alleged misconduct by FBI special agents while executing a search warrant on his home. Such evidence is irrelevant.  The search warrant on Wahid's home was executed after Wahid was charged with the offenses alleged in the Indictment.  Moreover, the United

States does not intend to use any evidence gathered during the execution of the search warrant to prove the offenses alleged in the Indictment. Therefore, any evidence of misconduct during the execution of the search warrant must be precluded.

**B. Evidence Inadmissible Under the Rule against Hearsay**

The United States anticipates Wahid may seek to admit several of his own out-of-court statements into evidence in this case. The United States objects to any hearsay statement offered by Wahid, or, in the alternative, suggests the Court require Wahid to provide notice of any proposed admission *in limine* before any such statement is made in the presence of the jury.

As noted above, the United States intends to introduce several statements Wahid made to federal agents and others. Such statements are not hearsay, but are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(A). However, such statements are only admissible if offered against the party-declarant. Thus, Wahid may not elicit his own out-of-court statements under this rule. *Id.* Although Wahid has the right to decline to testify at trial, he may not abuse that right by "testifying" via self-serving hearsay. *United States v. McDaniel*, 398 F.3d 540, 544 (6th Cir. 2005) (holding a defendant cannot introduce his own prior admissions under Rule 801(d)(2), otherwise "parties could effectuate an end run around the adversarial process by, in effect, testifying without swearing an oath, facing cross examination, or being subjected to first hand scrutiny by the jury").

The Ninth Circuit addressed this issue in *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000), a drug and firearms case in which the district court precluded the defendant from "eliciting his own exculpatory statements, which were made within a broader, inculpatory narrative." In the excluded oral statements, the defendant claimed the guns and drugs found in his residence belonged to someone else. *Ortega*, 203 F.3d at 681-82. On appeal, the defendant argued exclusion of the statements violated the rule of

completeness, the Confrontation Clause, Fed. R. Evid. 801(d)(1)(B)(i), and Fed. R. Evid. 807. *Ortega*, 203 F.3d at 682. In affirming the exclusion of the defendant's "non-self-inculpatory statements," the Ninth Circuit explained the statements were inadmissible even if they were made contemporaneously with other statements. *Id*.

## IV.   <u>Wahid's Right to Self-Representation Is Not Absolute</u>

Beginning with the hearing on Wahid's Motion to Waive Right to Counsel (CR 53), and at other points during the pendency of his pretrial matters, the Court repeatedly has instructed Wahid regarding his obligation to comply with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the District of Arizona. (*See, e.g.*, CR 57). However, the quantity, substance, and persistence of Wahid's pretrial motions suggest he will not be deterred from espousing his particularly irregular interpretations of federal law while representing himself in his own defense. Therefore, the United States requests this Court to require standby counsel to assume the representation of Wahid if Wahid fails to comply with this Court's limitations.

In deciding a criminal defendant has a constitutional right to represent himself when he voluntarily and intelligently chooses to do so, the United State Supreme Court specifically noted the right is not unqualified: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 & n.46 (1975). The *Faretta* Court recognized a court's discretion to "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct" and to require the participation of "standby counsel to . . . be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.*; *see United States v. Johnson,* 610 F.3d 1138, 1143-45 (9th Cir. 2010) (recognizing *Faretta* holding and placing limitations on a criminal defendant's right to self-representation).

In this regard, a criminal defendant can forfeit the right to self-representation based on repeated or deliberate misconduct.  In *United States v. Keiser,* for example, the Ninth Circuit upheld the district court's decision to terminate a defendant's self-representation based on the defendant's repeated disorderly conduct—committed despite multiple warnings by the trial court—when standby counsel had been appointed and was available to assume the representation.  319 Fed.Appx. 457, 458-59 (9th Cir. 2008) (unpublished). The court wrote:

> [The defendant's] behavior was disruptive and defiant, and demonstrated an unwillingness to follow court rules.  Because [the defendant's] misconduct was serious and the court had appointed standby counsel so [the defendant] was at all times represented, the district court did not err in terminating [the defendant's] right to represent himself.

*Id.*

The Eighth Circuit has held similarly in a series of recent cases.  In *United States v. Mosley,* for example, the court affirmed a district court's decision to terminate an obstreperous defendant's self-representation.  607 F.3d 555, 558-59 (8th Cir. 2010).  The court warned:

> A defendant is not entitled to use the right of self-representation as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process.  The government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.

*Id.* (citations and quotation marks omitted).  *See also United States v. Mabie,* 663 F.3d 322, 328-29 (8th Cir. 2011 (*pro se* status properly revoked when defendant engages in disruptive, hostile and disrespectful behavior over warnings from district court that defendant would be held to same rules as attorneys).

## V.    <u>Conclusion</u>

For the reasons set forth above, the United States respectfully requests the Court enter an order precluding Wahid from (1) publishing court opinions, statutes, or regulations

- 13 -

to the jury; (2) stating legal opinions or quoting legal precedent while testifying in his own defense; (3) asking questions during cross examination that would require a fact witness to give a legal opinion; (4) referencing the subject matter of his pretrial motions in the presence of the jury; (5) introducing evidence of his medical conditions, unless such evidence is relevant to the question of whether he was capable of forming the necessary mental state to commit the crimes alleged in the Indictment; (6) introducing sexual-orientation evidence; (7) challenging alleged misconduct by FBI special agents in connection with execution of a search warrant at his home on or about June 10, 2015 (after the offenses alleged in the Indictment); and (8) introducing or alluding to inadmissible hearsay evidence.

The government further requests the Court require standby counsel to review the arguments, exhibits, and testimony Wahid intends to introduce at trial to ensure compliance with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the District of Arizona.

If, despite a ruling to the contrary, Wahid attempts to introduce prohibited arguments, exhibits, or testimony, the United States respectfully requests this Court immediately issue a limiting instruction, terminate Wahid's right to self-representation, and order standby counsel assume representation of Wahid.

Respectfully submitted this  24th  day of September, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Joseph E. Koehler*
KRISTEN BROOK
JOSEPH E. KOEHLER
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to John McBee, advisory counsel for the defendant, via the ECF system.  In addition, a copy of the foregoing was mailed to the *pro se* defendant, Abdul Khabir Wahid, at his address of record, on September 24, 2018.


*/s/ Theresa A. Hanson*
U.S. Attorney's Office