# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Abdul Khabir Wahid,<br>　　　　Defendant. | No. CR-17-00360-001-PHX-JJT<br><br>**ORDER** |

At issue are the following filings by Defendant: 1) Motion for Distinction of Constitutional Criminal Jurisdiction (Doc. 114); 2) Motion to Dismiss for Lack of Jurisdiction due to Lack of U.S. Person/U.S. Individual/U.S. Citizen – Defendant (Doc. 115), as amended (Docs. 119, 121) and then supplemented (Doc. 125); and 3) Request for the Acknowledgment of the U.S. Territorial Limits (Doc. 116), as amended (Doc. 118), which the Court treats as a motion. The Court addresses and resolves each of these motions below, as well as two other filings which do not constitute motions. (Docs. 117, 122.)

In his Motion for Distinction of Constitutional Criminal Jurisdiction (Doc. 114), Defendant asks the Court to clarify the basis of the Court's jurisdiction to try him for the charged offenses. Defendant is under the impression that the Court's criminal jurisdiction comes from different sources depending in whether the matter is one in Admiralty, in which case, according to Defendant, the jurisdiction is borne of Article I, Section 8 of the Constitution of the United States of America, or otherwise, in which case, Defendant submits, the Court's jurisdiction is based on the Seventh amendment to the Constitution.

Defendant is further under the impression that the rules of procedure applicable to the proceeding would differ depending on which "source of jurisdiction" applies, and he submits he must know what rules he must observe at trial in order to properly prepare for it. The Court will deny the Motion, but in so doing, its explanation will provide Defendant with the answer he seeks as to what rules apply.

The Court's jurisdiction to hear criminal matters comes from Article III of the Constitution and statutes enacted to give Article III effect, as well as from individual criminal statutes. Article III Section 1 provides in relevant part that "[t]he Judicial Power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish." Section 2 of Article III provides in relevant part that "[t]he judicial power shall extend to all cases in law and equity arising under this Constitution [and] the Laws of the United States." Title 18 U.S.C. §§1001 and 1512—the statutes under which Defendant is charged here—are "Laws of the United States," to which federal judicial power extends.

28 U.S.C. § 1251(a) states that the Supreme Court "shall have original and exclusive jurisdiction of all controversies between two or more States." Beyond that narrow subset of matters, inferior federal courts—including the district courts—also have jurisdiction over federal causes of action, including those cases in law arising under the Laws of the United States, criminal or otherwise. This includes criminal charges brought under Title 18 of the United States Code. The above is the source of this Court's jurisdiction over the matters here charged. Jurisdiction in this matter has nothing to do with Admiralty, for two reasons: first, none of the facts of this case implicates the law of admiralty; and second, the jurisdiction of this Court over the matter does not flow from Article I, Section 8, Clause 9 of the Constitution. Article I of the Constitution does not address the powers or jurisdiction of federal courts; it describes and limits the powers of the legislative branch of the United States government only.

Defendant's Motion also is premised on, and indeed was driven by, another faulty assumption: that procedural rules employed by the Court in trying this matter are different

depending on whether the criminal offense charged deals in admiralty or not. The Federal Rules of Criminal Procedure shall apply to any criminal trial held in this Court. Defendant shall be bound by those rules and shall prepare for trial in conformity with those rules, as well as the Federal Rules of Evidence and the local rules of Practice for the District of Arizona. The Court will deny the Motion at Doc. 114.

The Court next addresses Defendant's Motion to Dismiss for Lack of Jurisdiction due to Lack of U.S. Person/U.S. Individual/U.S. Citizen – Defendant (Doc. 115), in which he argues the statutes under which he is charged—18 U.S.C. §§1001 and 1512—do not apply to him because he is not a citizen of the United States, and therefore not a "person" under federal law. Although neither Section 1001 nor Section 1512 uses the terms "person" or "citizen," both statutes by their own terms apply to "whoever" completes the acts constituting the elements of the offenses, and Defendant argues that "whoever" and "person" are equivalent in interpreting the applicable criminal statutes. This argument fails for a number of reasons.

First, the use of "whoever" in Sections 1001 and 1512 makes no limitation of the reach of those criminal statutes to United States Citizens. The statutes mean what they say: whoever engages in the conduct proscribed by the false statements and witness tampering statutes, whether they are citizens of the United States or otherwise, are subject to the criminal jurisdiction of the United States Courts.

Defendant's argument to the contrary is incorrect. He cites 5 U.S.C. § 552a, a civil statute dealing with federal recordkeeping unrelated to the offenses at issue here, which defines a "person" as "a Citizen of the United States or an alien lawfully admitted for permanent residence." From this isolated instance in a non-criminal statute, he posits that no one except United States citizens can be prosecuted for crimes against the United States. And in urging this conclusion, Defendant overlooks a critical part of the statute on which he relies. Section 552a prefaces its definition with the words, "for purposes of this section"—that is, for purposes of the reader understanding and applying that single section of the federal code, Section 552a, and no other, she or he must read the word "individual"

as so limited.

Defendant's argument ignores this express limitation and would have the Court apply Section 552a's specialized and carefully cabined definition of "person" throughout the entire United States Code, including every criminal statute. That is incorrect.

Second, although criminal liability here is not dependent on United States citizenship, Defendant's argument that he is not a citizen of the United States—an argument he has made in previous motions to dismiss the pending charges—fails now, just as it did when the Court denied his prior motions. Defendant argues he is not a citizen of the United States because he was born in Pennsylvania and lives in Arizona, and that the United States of America does not include the various states themselves. Title 18 of the United States Code, Section 5, defines for purposes of criminal jurisdiction the term "United States" to mean and to include "***all places*** and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone." Defendant's assertions of non-citizenship thus are not only irrelevant to the charges pending; they are incorrect. The Court will deny the Motion at Doc. 115, as amended at Docs. 119 and 121 and then supplemented at Doc. 125.

The Court also will deny Defendant's Motion for Acknowledgment of the U.S. Territorial Limits (Doc. 116), as amended (Doc. 118), wherein Defendant seeks to have this Court confirm his interpretation of federal statutes and regulations in support of his non-citizen argument as set forth above. First, the actions Defendant seeks to take here are not permitted. The applicable rules do not provide a mechanism by which the Court will accept Defendant's theory of defense.

Second, the substance of Defendant's argument—that per United States law, the territorial jurisdiction of the United States does not extend beyond the boundaries of the District of Columbia and does not includes the fifty states themselves—is not supported in fact or law.

Several of the above motions, as well as the Defendant's additional filings the Court referenced above, create another concern for the Court. Two of the above-addressed

motions—Defendant's Motion to Dismiss for Lack of Jurisdiction due to Lack of U.S. Person/U.S. Individual/U.S. Citizen – Defendant (Doc. 115) and his Motion for Acknowledgment of the U.S. Territorial Limits (Doc. 116)—attempt to reopen issues and arguments Defendant previously raised and the Court rejected, after painstaking analysis and explanation. That is to say the Court has already told Defendant the arguments he raises in these two motions are unfounded, yet he raises them again. Additionally, Defendant has filed two other documents that call into question whether he understands what he is doing in representing himself. First, Defendant filed a Notice of Filing for Chattel Property (Doc. 117), in which he gives notice to the Court and the United States that he is the "owner of chattel property known as Abdul Khabir Wahid, and is not owned by the United States." Additionally, Defendant filed an Affidavit of Non-Appellation (Doc. 122), in which he asserts that the name on his arrest warrant in this matter, "AbdulKhabir Wahid," is not his name or a description by which he can be identified with reasonable certainty, as required by Fed. R. Crim. P. 4. In that filing, Defendant purports to give notice that for this reason he will "no longer be making special appearances within the jurisdiction of the United States District Court." (*Id.*) Defendant also asserts that AbdulKhabir Wahid is the name of a person and he is not a person.

While the Court has no wish to show disrespect to any party, these filings are nonsense, and are insupportable in fact or law. They are also filed in pursuit of arguments the Court has already told Defendant have no merit, yet Defendant continues to make them. This leads the Court to harbor concern that Defendant will be unable to follow the rules and the Court's Orders at trial in this matter. A self-represented party's inability to abide by the rules of procedure or courtroom protocol is a proper basis for the Court to revoke that party's status as self-represented and re-appoint counsel to represent the Defendant at trial. *E.g., U.S. v. Mack*, 362 F.3d 597, 601 (9th Cir. 2004).[1] The Court warns Defendant

---

[1] The Court also has reviewed *United States v. Ferguson*, 560 F.3d 1060, 1067-69 (9th Cir. 2009), which holds a court may terminate self-representation of a criminal defendant and reinstate appointed counsel where a defendant lacks sufficient mental capacity to conduct his defense by himself. At present, the Court finds such circumstances do not exist in this case, as Defendant's behavior during multiple hearings provides no indication Defendant has any mental competency issues conducting his defense. Defendant has been courteous,

that he must abide all rules of procedure and courtroom protocol, including proceeding according to and in compliance with the Court's prior rulings. If Defendant is unable to do so at trial, including if he continues to pursue arguments the Court already has ruled are precluded, the Court will reappoint current advisory counsel, Mr. McBee, as trial counsel for Defendant before or during the February 26, 2019 trial.

IT IS ORDERED denying Defendant's Motion for Distinction of Constitutional Criminal Jurisdiction (Doc. 114)

IT IS FURTHER ORDERED denying Defendant's Motion to Dismiss for Lack of Jurisdiction due to Lack of U.S. Person/U.S. Individual/U.S. Citizen – Defendant (Doc. 115), as amended (Docs. 119, 121) and then supplemented (Doc. 125);

IT IS FURTHER ORDERED denying Defendant's Motion for Acknowledgment of the U.S. Territorial Limits (Doc. 116), as amended (Doc. 118).

Dated this 10th day of January, 2019.

Honorable John J. Tuchi
United States District Judge

---

respectful and unfailingly responsive to the Court's questioning, has shown awareness of deadlines and deliverables, and has met those deadlines. While the filings mentioned in this Order suggest a lack of knowledge of some law and some aspects of procedural rules, this is not the competence with which the court treats in *Ferguson*. Unfamiliarity with law and rules, and the resultant exercise of what may be poor judgment in the filing of unsuccessful motions or the pursuit of strategies that are unsuccessful is a natural risk of self-representation by a non-lawyer, and one that the Court expressly discussed with Defendant and ensured he was aware of at the *Faretta* hearing in this matter before allowing Defendant to represent himself in the first place.