| | |
|---|---|
| United States of America, | No. CR-17-00360-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Khabir Wahid, | |
| Defendant. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

The Court has reviewed Defendant's Request to Waive Jury Trial in Place of a Bench Trial. (Doc. 153.) Before the Court can rule on the issue it must determine that any such waiver of Defendant's Constitutional guarantee of a trial before a jury of his peers is knowing, intelligent and voluntary. The Court also must know the government's position on such a waiver. Fed. R. Crim. P. 23(a)(2). The Court will set a hearing to inquire into the above issues, so they may be resolved before the jury pool is to arrive for the *voir dire* and selection process. Upon arrival at the hearing, the parties may complete and submit the Court's waiver form, which will be available in the courtroom before the hearing begins. The Court will require Defendant, before the hearing, to consult with advisory counsel, by telephone or in person, about the rights he would give up by waiving a jury trial, so the Court may properly evaluate whether any such waiver is "knowing," as required by law.

Also before the Court is Defendant's second Motion to Court to Issue Subpoena (Doc. 152), in which Defendant seeks to compel a person known as Dustin Simpson to appear at trial to testify. The second Motion is defective and cannot result in the issuance

1 or service of a subpoena on Mr. Simpson. The Motion contains a name, and nothing else. This cannot lead to a valid subpoena, nor as a practical matter would it lead to ensuring the appearance of a witness at trial for Defendant, as set forth below.

In its last Order on this issue (Doc. 151), the Court informed Defendant of the rules that prescribe a subpoena form that parties—including the government and defendants—all must use to compel a witness to appear at trial other than voluntarily. Defendant can access that subpoena forms through his advisory counsel, Mr. McBee, who can also advise Defendant on its completion. If the properly completed forms are authorized by the Court, it becomes a valid Court Order in the form of a trial subpoena, and the United States Marshal Service will endeavor to find and serve the subpoena on the witness Defendant seeks to call, based on the address or contact information required in the subpoena form. Then the witness, once served, understands from other required information in the subpoena form when he is required to appear, where, why, and by what lawful authority he is commanded to do so. This occurs because the forms require all such information: witness name, witness address, specific trial for which the witness is ordered to appear, courtroom location, and date and time of required appearance. Neither Defendant's first request for subpoena or the instant request included the completed subpoena forms, and they did not provide any of the above information except the witness's name. As a result, there is no subpoena to authorize, nothing to serve, no way for the Marshals to serve it, and no way for a witness to know how to comply in any event.

The Court will repeat, as it warned in its last Order, that

> Defendant must take all steps to comply with the rules sufficiently in advance of trial, so that the Court has time to issue any subpoena in time for the witness to appear. If Defendant fails to do so, responsibility for a witness's non-appearance is [Defendant's] own.

(Doc. 151.) The Court will give Defendant one last chance to comply with the rules and requirements for issuance of a subpoena ordering a witness to appear and testify at trial. Defendant should read and follow every word of this Order. Before the hearing on

Defendant's request to waive jury trial in this matter, Defendant must consult with advisory counsel Mr. McBee, obtain the subpoena forms, and if necessary, have Mr. McBee or his office assist Defendant in completely and properly filling out the subpoena forms, so that the Court can review it, so that if approved, the Marshals can serve it, and the witness knows what he must do as a result of it, in time for him to appear in time for trial.

**IT IS ORDERED** setting a Motion Hearing in this matter for Friday, 2/22/2019 at 10:00 AM on Defendant's Request to Waive Jury Trial in Place of a Bench Trial. (Doc. 153.)

**IT IS FURTHER ORDERED** that Defendant consult with advisory counsel in person or by telephone before that hearing, during which consultation advisory counsel will explain the rights Defendant would give up by executing the waiver, and the relevant potential benefits and costs in doing so.

**IT IS FURTHER ORDERED** that Defendant also consult with advisory counsel to obtain the Court's subpoena forms and to receive counsel's advice and assistance in filling out the forms, so that they are completed before the above hearing; Defendant shall then bring the completed forms to the hearing on February 22, 2019.

**IT IS FURTHER ORDERED** that advisory counsel John McBee, or his office, contact Defendant by 6:00 p.m. today, February 20, 2019, to provide Defendant a copy of this Order, make him aware of the February 22, 2019 at 10:00 AM, hearing, and schedule a time to conduct the above-ordered consultations in advance of the February 22, 2019, hearing.

Dated this 20th day of February, 2019.

Honorable John J. Tuchi
United States District Judge