# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00360-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Khabir Wahid, | |
| Defendant. | |

At issue is Defendant's Request for the Judge to Review Evidence (Doc. 175). In formulating its pending Findings of Fact and Conclusions of Law encompassing its ruling on the bench trial in this matter as required by Fed. R. Crim. P. 23(c), the Court is reviewing all evidence admitted at trial. In reaching its decision in a criminal trial, the finder of fact, whether a jury or a judge, must consider all of the evidence admitted at trial and only the evidence admitted at trial.

The statement Defendant refers to in his filing is a statement of a witness, who later testified at trial for the government, in the form of a verbatim contemporaneously recorded recital of the witness's oral statement that is contained in a recording. It therefore qualifies as a statement of a non-party witness under Fed. R. Crim. P. 26.2(f)(2). Rule 26.2 requires the government to produce this statement to Defendant upon motion no later than after the witness has testified on direct. While Defendant made no motion for the statement, the government produced the statement in recorded form to the Defendant and did so well in advance of trial during the discovery stage of the matter; it has therefore satisfied its

obligation under the rule. Thereafter Defendant was free to make use of the statement at trial, or not, in his discretion.

The trial exists as a vehicle to allow each side to introduce and use evidence that the other party has had the opportunity to test and argue at that trial. In other words, the opportunity for each party to present evidence and to challenge the other side's evidence is at the trial, and at the trial alone, when everyone is present and each party can address evidence fairly and in the presence of and for the benefit of the finder of fact. If the Court were to allow a party to add evidence, or argument, pertaining to the subject of the trial-- here the determination of whether Defendant is guilty or not guilty of the two criminal charges against him--after the trial has ended, the opposing party would have no opportunity to address and argue that evidence and the fundamental fairness of the trial process would be defeated. To the extent the statement at issue was admitted and or used for impeachment or cross-examination at trial, the Court will consider it in light of and in comparison to all other evidence. But to the extent the statement was not introduced, referred to or used at trial, a party cannot now reopen evidence and add materials or testimony; nor can a party argue to the Court using evidence which was not admitted, used or referred to at trial.

**IT IS ORDERED** denying Defendant's Request for the Judge to Review Evidence (Doc. 175).

Dated this 9th day of April, 2019.

Honorable John J. Tuchi
United States District Judge