MICHAEL BAILEY
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
kristen.brook @usdoj.gov
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
joe.koehler@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-00360-01-PHX-JJT |
|---|---|
| Plaintiff, | **MOTION FOR CLARIFICATION REGARDING FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| Abdul Khabir Wahid, | |
| Defendant. | |

The United States of America, through undersigned counsel, respectfully moves for clarification of the Court's findings of fact and conclusions of law in support of its verdict of guilt on Count 1 of the Indictment in this case. Specifically, the government seeks clarification on the willfulness element of the charge in Count 1 under 18 U.S.C. § 1001 and the Court's findings regarding that element.

Count 1 of the Indictment charged Wahid with knowingly and willfully making false statements to the FBI. In its findings, the Court stated the government must prove Wahid acted knowingly **or** willfully. (CR 181 at 6.) The Court then entered findings concerning Wahid's knowledge that his statements were false, but did not make specific

factual findings regarding his knowledge that making those false statements was unlawful. (CR 181 at 6-7.)

The government respectfully submits it was required to prove, and did prove, that Wahid acted knowingly **and** willfully.  *See*  Ninth Circuit Manual of Model Jury Instructions, Criminal 8.73 (Online Version 2018) ("Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful"); *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("to establish a willful violation of a statute, the government must prove that the defendant acted with knowledge that his conduct was unlawful.") (cleaned up); Br. in Opp. at 11-15, *Ajoku v. United States*, 572 U.S. 1056 (2014) (No. 13-7264), 2014 WL 1571930, at *10-19 (conceding that *Bryan* interpretation of "willfully" applies to 18 U.S.C. § 1001).

During the trial, the government introduced a recorded statement of Wahid in which he was advised and acknowledged at the outset of his May 6, 2015, interview that lying to the FBI about a material matter during an investigation is a crime. (Tr. Exh. 85)  Further, the government introduced recorded statements in which Wahid told witness A.S. that lying to the FBI is a crime.  (Tr. Exh. 121, 136, 149)  Thus, the government satisfied its burden of proof beyond a reasonable doubt with respect to this element.

Based on the foregoing, the United States respectfully requests the Court clarify its findings of fact and conclusions of law to hold (1) the government must prove Wahid acted both knowingly and willfully – that is, knowing that his statements were untrue and that making material false statements to the FBI is a crime, and (2) the government proved this element beyond a reasonable doubt.

/

/

/

Respectfully submitted this 17 day of June, 2019.

        MICHAEL BAILEY
        United States Attorney
        District of Arizona

        *s/Kristen Brook*
        *s/Joseph E. Koehler*
        KRISTEN BROOK
        JOSEPH E. KOEHLER
        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to advisory counsel for the defendant via the ECF system.

**John McBee, Advisory Counsel for Defendant**

In addition, on the same date I deposited a copy of the foregoing in the United States mail addressed to the defendant, Abdul Khabir Wahid, at his mailing address as set forth in the CM/ECF system.

*s/ Theresa Hanson*
*Legal Assistant/US Attorney's Office*