MICHAEL BAILEY
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant U.S. Attorney
Arizona State Bar No. 023121
JOSEPH E. KOEHLER
Assistant U.S. Attorney
Arizona State Bar No. 013288
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kristen.Brook@usdoj.gov
Email: Joe.Koehler@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-00360-PHX-JJT |
| Plaintiff, | |
| v. | **MEMORANDUM REGARDING POTENTIAL IMPOSITION OF CONSECUTIVE SENTENCES** |
| Abdul Khabir Wahid, | |
| Defendant. | |

The United States of America, by and through undersigned counsel, and pursuant to this Court's order (CR 245), respectfully submits its memorandum regarding the potential imposition of consecutive sentences in this case.

**I.      Background**

On November 7, 2019, this Court issued Superseding Findings of Fact and Conclusions of Law finding defendant Abdul Khabir Wahid guilty of the two charges in the indictment. (CR 240.) Count 1 charged Wahid with making false statements to the FBI, with the terrorism enhancement, in violation of 18 U.S.C. § 1001(a)(2). Count 2 charged Wahid with attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(3). On December 17, 2019, the Court expressed concern about the potential imposition of consecutive sentences on Counts 1 and 2. The Court declared,

> . . . I do have an issue with the recommendation of the sentencing – sentence in this case because I think that there's a logical inconsistency between what the guidelines work out to, the 262 to 327 month range, and the statutory maximum for the 1001 count in this case.
>
> And it goes – or the issues are as follows: The charges were brought under two criminal statutes, 18 USC 1001, the false statement count, and 18 USC 1512, the witness tampering count. In the indictment, the allegation for an enhancement, specifically because the offense is related to terrorism, is found in Count 1, the 1001 claim, and in Count 1 only.
>
> When the United States Probation Office calculated the guideline range, it applied the 18-level enhancement for the offense being related to terrorism. It properly did so under the rules that it operates or that the guidelines operated under and that is what got the guideline range up to 262 to 327 months.
>
> The only count where there was a terrorism-related allegation was the 1001 count, and the 1001 statute caps the sentence for that offense at eight years, or 96 months.
>
> The PSR writer acknowledged this statutory limit to the sentence length for the 1001 count in the report and recommends imposing the statutory maximum of 96 months for that count. But the report then recommends imposing a sentence of 166 months for the other count, the witness-tampering count, and running it consecutive to the 1001 count to get a total of 262 months, which is the low end of the guideline range calculated in the report.
>
> I think you can see where I'm going with this. The guidelines, if they are properly calculated, get to the 262 range only if the 18-level enhancement for being terrorism-related is applied. And that enhancement only comes in under the 1001 count, but the 1001 count itself would be limited to 96 months.
>
> And so with respect to all involved, the argument for stacking to get to the guideline range, to get to 262 months, feels to the Court like reverse engineering the sentence to reach a result whose allowance is dubious. Again, I am not saying that the guidelines have been incorrectly calculated. I find that they have. My question is that the statutory maximum and the way the case was charged would indicate to me that this is an outsized result.

RT 12/17/19 11-12.

**II.    Discussion**

The Court's concern regarding the statutory enhancement only existing in the statute underlying Count 1, 18 U.S.C. § 1001, is understandable. Section 1001(a)(2) carries a maximum penalty of 8 years of imprisonment, while Wahid's conviction for Count 2 under 18 U.S.C. § 1512(b)(3), carries a statutory maximum penalty of 20 years of imprisonment.

Thus, the imposition of consecutive sentences to achieve the total sentence called for by the advisory guideline range results in the maximum penalty provided by Count 2 constituting the majority of the available statutory sentencing range. That said, this result is legally correct and proper as a matter of statutory and case law.

A. <u>Imposition of Consecutive Terms of Imprisonment is Legally Proper</u>

By statute, multiple terms of imprisonment imposed on a defendant at the same time may run concurrently or consecutively. 18 U.S.C. § 3584(a). This Court's discretion to choose between consecutive and concurrent sentences is limited only by a requirement that, in making the choice, the Court must consider the applicable 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3584(b).

The Sentencing Guidelines provide guidance for the imposition of consecutive sentences. *United States v. Williams*, 291 F.3d 1180, 1192 (9th Cir. 2002) ("Section 5G1.2 of the Sentencing Guidelines instructs the district court, in general, about when concurrent or consecutive sentences are appropriate when sentencing a defendant on multiple counts."), *abrogated on other grounds by United States v. Gonzales*, 506 F.3d 940, 942 (9th Cir. 2007) (en banc). The Guidelines counsel consecutive sentences when necessary to achieve imposition of a sentence within the applicable guideline range when the statutory penalties for individual counts are insufficient to reach the total sentence after calculating the applicable range. *See United States v. Wang*, 944 F.3d 1081, 1091 (9th Cir. 2019); U.S.S.G. § 5G1.2(d) (2018) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."); *cf.* U.S.S.G. § 5G1.2(c) (when sentencing on multiple counts of conviction, if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts "shall run concurrently").

The United States Sentencing Guidelines are the "starting point and the initial benchmark" of sentencing, *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). The term "total punishment" as used in § 5G1.2(d) "is the sentence chosen by the district court 'from the appropriate sentencing range,' and is not limited to the minimum sentence in the guideline range." *United States v. Iniguez*, 368 F.3d 1113, 1116-17 (9th Cir. 2004) (en banc) (quoting *United States v. Joetzki*, 952 F.2d 1090, 1097-98 (9th Cir.1991)). Under this rubric, the Court should expressly identify the total punishment applicable to all counts based on the Guidelines calculation. *Wang*, 944 F.3d at 1091 (citing *Joetzki*, 952 F.2d at 1097) (the chosen sentence within the calculated range becomes the "total punishment").

B.  Applicability of U.S.S.G. §§ 2J1.2 and 3A1.4 to Count 2

Importantly, in this case, both Counts 1 and 2 are governed by U.S.S.G. § 2J1.2. U.S.S.G. Appendix A (2019) (statutory appendix). Thus, either count standing alone would trigger application of § 2J1.2. Further, either count standing alone would trigger U.S.S.G. § 3A1.4, irrespective of the statutory terrorism enhancement having been charged under Count 1 alone, because the terrorism sentencing enhancement under U.S.S.G. § 3A1.4 is equally applicable to Counts 1 and 2.

As explained more fully in the government's response to Wahid's objections to the presentence report (CR 204), the enhancement in § 3A1.4, which sets a minimum offense level of 32 and an increase in the criminal history category to Category VI, applies whenever the crime of conviction "involved, or was intended to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4. Application Note 2 to Section 3A1.4 states, in pertinent part: "For purposes of this guideline, an offense that involved . . . (B) obstructing an investigation of a federal crime of terrorism, shall be considered to have involved, or to have been intended to promote, that federal crime of terrorism." U.S.S.G. § 3A1.4 cmt. n.2 (2018).

Although the government was not required to prove as an element under Count 2 that Wahid's offense was a "federal crime of terrorism," the government did so in the course of proving Count 1 at trial. Further, in proving Count 2 beyond a reasonable doubt,[1] the government proved Wahid's attempt to tamper with A.S. as a witness was directly related to the same FBI investigation as charged in Count 1 – the attempt by Simpson and Soofi to attack the Muhammad Art Exhibit and Contest in Garland, Texas. Thus, the government likewise proved that Count 2 "involved . . . obstructing an investigation of a federal crime of terrorism," and that offense likewise "shall be considered to have involved, or to have been intended to promote, that federal crime of terrorism." *Id.* This Court found that the "Defendant was aware as of May 6, 2015, when he first spoke to agents, that the matter the agents were investigating involved international terrorism. Defendant was aware at that time that Simpson and Soofi had attacked the 'Draw the Prophet' event in Garland with multiple automatic weapons and died in a firefight." (CR 240 at 6). The trial evidence proved Wahid's conversations with Ali Soofi post-dated May 6, 2015. This Court found Wahid "called and spoke to Ali at length several times, including in four telephone calls that were recorded on June 6, 7 and 18, and July 8, 2015. The recordings were introduced into evidence at trial and both Ali and Defendant testified to the contents of the unrecorded conversations." (*Id.*)

Because §§ 2J1.2 and 3A1.4 both independently apply to Count 2, imposition of consecutive sentences in a way that incorporates the statutory maximum penalty for Count 2 is neither an improper application of the Sentencing Guidelines nor unfair. Wahid was convicted of two separate crimes; thus, imposition of consecutive sentences on both Counts up to the statutory maximum penalty is legally permissible.

---

[1] Under Ninth Circuit case law, the government must prove guideline enhancements that have a disproportionate effect on sentencing by clear and convincing evidence. *See generally United States v. Valle*, 940 F.3d 473, 479-480 (9th Cir. 2019) (discussing factors for determining whether to apply clear and convincing burden of proof for sentencing enhancements in a given case). Assuming that standard applies to the enhancement at issue here, the government proved the "federal crime of terrorism" enhancement beyond a reasonable doubt in the context of proving Count 1, and in turn satisfied the clear and convincing burden ordinarily applicable to enhancements with a disproportionate effect.

C. <u>The Court's Authority to Vary</u>

Notwithstanding the Guidelines range, this Court may vary from that range based on the factors set forth in 18 U.S.C. § 3553(a). *Wang*, 944 F.3d at 1091 (citing *United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc)). Further, the Court "retains discretion under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines." *Id*. (quoting *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir. 1991)). In all cases, the Court must start with the Guidelines and keep them in mind during sentencing. *Id*. (citing *Gall*, 552 U.S. at 49).

### III. **Conclusion**

In summary, this Court properly may sentence Wahid to consecutive terms of imprisonment for Counts 1 and 2 because the total sentence provided by the Sentencing Guidelines exceeds the maximum term of imprisonment available for either count. The Court likewise has the power to vary from the range set forth in the Guidelines based on the factors set forth in § 3553(a). In any event, the sentence the Court determines to be reasonable after properly calculating the Sentencing Guidelines range and applying the § 3553(a) factors becomes the "total sentence." If that sentence is greater than the statutory maximum for either count, then the Court should impose consecutive sentences on Counts 1 and 2, but only to the extent necessary to achieve the total sentence the Court determines to be reasonable.

Respectfully submitted this 21st day of January, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Joseph E. Koehler*
*s/ Kristen Brook*
JOSEPH E. KOEHLER
KRISTEN BROOK
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

John McBee, Advisory Counsel for Defendant

In addition, on the same date I directed a copy of the foregoing and copies of the requested transcripts to be placed in the United States mail addressed to the defendant at the following address, labeled "Confidential/Legal Mail":

Abdul Khabir Wahid, No. 72409-408
Central Arizona Florence Correctional Complex
PO Box 6300
Florence, AZ 85132


*s/ Norma Hernandez*
U.S. Attorney's Office