John W. McBee, Attorney At Law
3104 E. Camelback Road
PMB 851
Phoenix, AZ 85016
Bar No. 018497
(602) 903-7710 (Phone)
(602) 532-7977 (Fax)
mcbeelaw@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Abdul Khabir Wahid,<br><br>    Defendant. | Case Number: CR 17-00360-PHX-JJT<br><br>**Sentencing Memorandum** |

Defendant, by and through undersigned Counsel, respectfully requests that this Court impose a sentence of substantially less than 96 months of incarceration followed by a term of supervised release.

At the original sentencing conducted on December 17, 2019, the Court found that the Pre-Sentence Report calculations were correct and had also ruled on the Defendant's objections to the document. At this juncture, Counsel finds no reason to disturb those rulings. The hearing was reset when the Court broached the issue regarding the recommended sentence. Specifically, it was concerned that the recommendation, as calculated, was dubious.

## **Sentencing Memorandum**

Count 1 of the indictment, False Statements, is the only charge in which the terrorism enhancement was alleged and, factually, the only crime that involved any type of 'terrorist'

related activity. The current PSR includes a recommendation for 96 of months of imprisonment for the False Statements offense (the offense related to terrorism), and 166 months for the Witness Tampering, a charge that was not enhanced with terrorism. The recommendation further advocates for consecutive sentences, and the result is a unconscionable range of 262 to 327 months of incarceration. As the Court has previously found, this would not be an illegal sentence; however, this is a severely unjust result.

The legally aggravated offense, Count 1, is capped by statute at 8 years. Thus, it would seem logical that the more egregious charge should be considered the ceiling for punishment. It is inequitable that the Witness Tampering charge, sans the terrorism allegation, should command 166 months of imprisonment, 70 additional months of confinement over the False Statement offense. Even worse, if the sentences were administered consecutively, the result could be well over three hundred percent above the statutory maximum of the legally more severe charge.

Simply put, this is excessive retribution against Mr. Wahid. There is no legal, factual or moral justification for Count 2 requiring so much more time than Count 1, except to possibly meet the lowermost range of the Guideline calculation. This slavish compliance with the Guideline calculations has been outdated since *United States v. Booker*, 543 U.S. 220 (2005). In this light, the Defendant would implore the Court to impose civility and reasonableness in the sentence. Certainly, one could argue that a terrorism infused case such as this deserves a sentence completely devoid of any mercy. However, then one would also run into the problem of parity--one of the goals of the Guidelines.

In a case such as this, there are not a multitude of local exemplars that the Defense is aware of to follow [1]. However, there is one of particular interest from 2010. In the District of Arizona, Judge Neil Wake sentenced a Akram Musa Abdallah to 18 months of imprisonment for

---

[1] In 2013, Jonathan Paul Jimenez was sentenced to 10 years imprisonment in the Middle District of Florida for lying to the FBI and IRS. However, he was training to go oversees to be in a jihad. U.S. Attorney's Office, Man Sentenced to 10 Years in Federal Prison for Lying in Terrorism Investigation and False Claim Conspiracy, *FBI.Gov,* U.S. Department of Justice, April 19, 2013, https://archives.fbi.gov/archives/tampa/press-releases/2013/man-sentenced-to-10-years-in-federal-prison-for-lying-in-terrorism-investigation-and-false-claim-conspiracy.

lying to the FBI during a terrorist investigation. See US. Attorney's Office, Man Sentenced to Prison for Lying During Terrorism Investigation, *FBI.Gov*, U.S. Department of Justice, March, 4, 2010, https://archives.fbi.gov/archives/phoenix/press-releases/2010/px030410.htm.

Specifically, Abdullah was being questioned as part of an investigation into the Holy Land Foundation for Relief and Development (HLF). The institution was a Specially Designated Terrorist Organization, in part, due to its support of Hamas, a foreign terrorist organization. Abdullah denied being part of HLF in FBI interviews but, in reality, had been involved with numerous fundraising activities, including facilitating and coordinating fundraising events. Abdullah did, ultimately, accept a plea agreement. Nonetheless, his involvement with terrorism was in a far greater capacity than Mr. Wahid, and he served only 18 months of incarceration.

In 2015, in San Diego, California, Mohammed Saeed Kodaimati accepted a plea agreement to 96 months incarceration for lying to FBI investigators during a terrorism-related investigation. See U.S. Attorney's Office, San Diego Man Pleads Guilty, Admits to Making False Statements in an International Terrorism Investigation, *FBI.Gov,* U.S. Department of Justice, October 29, 2015, www.fbi.gov.contact-us/fieldoffices/sandiego/news/press-releases/san-diego-man-pleads-guilty-admits-making-false-statements-in-an-international-terrorism-investigation. Kodaimati averred to government agents that he did not know any members of foreign terrorists groups and that he did not fight for them. However, neither was true. He knew an ISIL member and traveled to the Middle East and fought alongside terrorists in Syria. In the end, Kodaimati accepted a plea to 8 years. Although, Mr. Wahid did not resolve his case short of trial, he far less culpable in terms of terrorist activities, and does not deserve a similar (or greater) amount of punishment.

In 2019, Fabjan Alameti was convicted in Montana for lying to the FBI regarding his participation in foreign terrorism. See Sherman, David, Alameti Sentenced for Making False Statements Regarding Terrorism, *kpax.com*, December 16, 2019, https://kpax.com/news/crime-and-courts/alameti-sentenced-for-making-false-statements-regarding-terrorism. Alameti was interviewed by the FBI after he took a bus from New York to Bozeman, Montana. He denied any affiliation with terrorism at that time. However, through social media, the authorities learned

3

that Alameti was regularly communicating with ISIS because he wanted to fight alongside the group and die a martyr's death. He was also interested in targeting places in the U.S. for terrorist attacks. He was sentenced to 57 months in prison.

In the case *sub judice,* the False Statement case began when Elton Simpson provided Mr. Wahid a key and envelope two days prior to the Garland, Texas, shooting. At that time, Simpson instructed Mr. Wahid to deliver the envelope to Saabir Nurse on May 6, 2015 (which fell three days after the shooting). The Defendant apparently followed through on this promise. However, there is nothing illegal about this transaction, and Mr. Wahid was under no duty to alert the police at that time. The problem arose when Mr. Wahid lied to investigators about the envelope. Mr. Wahid's false statement to investigators did not contribute to the tragedy in Garland, nor did it exacerbate the damage. There is no loss of life or limb associated with Mr. Wahid's untruthful statement. Certainly, the declarations may have muddied the investigation thereafter, but it is pure conjecture that timely notice would have lead to the conviction of any other individuals or prosecution of additional crimes.

Next, compare the Defendant to the rest of the individuals previously discussed. First, Mr. Wahid is not, nor was he ever, part of a terrorist organization. It is important to remember that the FBI fully investigated the Defendant and never found evidence that he was involved in any terrorist activity, except for having some friends who were. Similarly, there was no evidence that he helped plan, support or organize any type of terror enterprise.

Second, Mr. Wahid has a negligible criminal history. If not for the mandatory terror enhancement, he would be Category 1. While he has not been entirely law-abiding, he has been a citizen far closer to that status than a hardened criminal. He is a father, whom his children still reside with, and has a severe illness. Like most people, he is many things, but there is no evidence that he advanced a terrorist agenda. He is not a terrorist and never was one.

In terms of the False Statements conviction, the eight year sentence is the absolute maximum under the law. Any maximum sentence should only be prescribed in the most extreme circumstances. As has been illustrated by all of the foregoing, this is not the most extreme example of false statements. Similarly, Mr. Wahid advising another individual not to cooperate

4

with authorities after the fact is not the most extreme example of witness tampering. In other words, this is not a maximum sentence type case.

Pursuant to *Booker*, *supra*, the Court has the power to impose a reasonable sentence: one that matches the culpability of the Defendant when viewed in connection with the concomitant circumstances. In this case, Mr. Wahid would plead for 36 months of incarceration. There is precedent for such a sentence in Arizona--the Abdullah case before Judge Wake, discussed previously. Abdullah was far more involved with promoting terrorism than Mr. Wahid. However, he did accept a plea. Regardless, the fact that Mr. Wahid exercised his right to trial should not lead to draconian amounts of confinement. Even if the Court were to double the time imposed upon Abdullah, that would equal a sentence of 36 months.

RESPECTFULLY SUBMITTED this 26th day of February, 2020, BY:

**John W. McBee, Attorney At Law**

 *s/ John W. McBee*
Attorney for Defendant

I hereby certify that on February 26, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable John J. Tuchi
District Court Judge

Kristen Brook
Assistant United States Attorney