# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00360-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Khabir Wahid, | |
| Defendant. | |

Defendant, through appointed counsel, filed a "Motion for Compassionate Release (18 U.S.C. §3582(a)(1))." (Doc. 334.) The Government filed its Response (Doc. 339) in opposition, and Defendant filed a Reply (Doc. 344). The government filed two Supplements to its Response (Docs. 348, 355) updating Defendant's health and treatment status, and a Notice of Supplemental Authority (Doc. 362.) The Court has read and considered all of the above filings in determining the Motion.[1]

---

[1] The Court notes that Defendant, apparently without his counsel's prior knowledge, independently filed with the Court a "Letter Concerning the Government's Response" (Doc. 345), a "Letter Concerning Compassionate Relief and the Moderna Vaccine" (Doc. 354) and an Addendum to that letter (Doc. 360). The Court read these filings as they were entered upon the docket, but will not consider them in determining the instant Motion. Defendant has appointed counsel as he requested. Ms. Landau was first appointed to represent Defendant in his appeal of his conviction and sentence, and after he attempted to waive his right to counsel and terminate her appointment, he reversed course and affirmed his desire to have Ms. Landau "reinstated" as his attorney. (Doc. 326.) This Court then appointed Ms. Landau to represent Defendant in his pursuit of compassionate release before it. (Doc. 328.) Defendant has not sought to terminate her representation of him in this matter. Counsel has quite ably and professionally argued the relevant facts and law in her Motion and Reply in support. The Court will not consider arguments on the merits additionally made by Defendant himself when he has counsel who has already submitted the filings allowed by the Federal Rules of Criminal Procedure and the Local Rules of Practice for the District of Arizona.

Defendant is serving a 67-month sentence for making false statements to a federal law enforcement official with a terrorism enhancement, in violation of 18 U.S.C. §1001(a)(2) and witness tampering in violation of 18 U.S.C. §1512(b)(3). His projected release date is May 29, 2024.

Defendant moves the Court under Section 3582(c)(1)(A) for early release based on "extraordinary and compelling reasons." He urges such grounds are present in his case because of 1) the prevalence of COVID-19 in CAFCC-Florence, where he has been detained since his sentencing, and 2) the fact that Defendant possesses two characteristics—a diagnosis of HIV with low CD4 count, and hypertension—that he argues make him particularly susceptible to severe or even fatal consequences should he contract the virus. The government opposes compassionate release, arguing that Defendant's pending appeal divests this Court of jurisdiction to hear the motion in the first place, and even if the Court were to reach the merits, Defendant does not satisfy the statutory requirements for compassionate release.

Starting with the jurisdictional argument, the Court notes the very high quality and professionalism displayed by both counsel in their respective briefing overall and particularly on this issue, which the Ninth Circuit has not yet decided. The Court will not rule on the jurisdictional question here as, on review of the merits, it finds Defendant does not meet the requirements for relief under Section 3582(c)(1)(A).

On the merits, 18 U.S.C. §3582(c)(1), as modified by the First Step Act, allows an inmate to move the Court to reduce his sentence upon the satisfaction of three requirements. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court also must find Defendant is not a danger to the community. 18 U.S.C. §3582(c)(1)(A).

In the instant case, that Defendant has met the first requirement—exhaustion—is uncontested. Defendant is therefore entitled to a review of his request on its merits. Upon such review, however, the Motion fails, as the Court concludes Defendant does not present an "extraordinary and compelling reason" to justify a reduction in sentence.

"Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020). This Court thus ordinarily would look to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant to this issue, the Ninth Circuit recently held that because the United States Sentencing Commission has not updated Section 1B1.13 of the Sentencing Guidelines since the First Step Act of 2018 amended § 3582(c)(1)(A), Section 1B1.13 is "not an applicable policy statement for compassionate release motions filed by a Defendant under the First Step Act such as Defendant has filed here. *United States v. Aruda*, 993F.3d 797, 798 (9th Cir. 2021). Thus, Section 1B1.13 is not binding on this Court in considering such motions, *Aruda*, 993 F.3d at 802, and the Court is free to—and does—consider whether other circumstances beyond those addressed in Section 1B1.13 constitute "extraordinary and compelling reasons" to grant relief under Section 3582(c)(1)(A). However, *Aruda* also provided that "Section 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," *id.* at 802, and the Court thus still considers the guideline section in this limited light, as informative but not binding.

Application Note 1 to Section 1B1.13 provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The

defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018). In the present case, Defendant does not argue that he meets the criteria in sections (A), (B) or (C) of Section 1B1.13, note 1. He does not allege he suffers from a terminal illness, or any other illness that has "diminished his ability to provide self-care" while incarcerated at CAFCC-Florence; he is not at least 65 years old; and he does not suggest he has experienced the death or incapacitation of a caregiver to any minor children. Rather, Defendant argues that the risk of contracting COVID in a prison setting, and specifically in CAFCC-Florence, coupled with his HIV with low CD4 count and his hypertension, as well as a diminution of his medical treatment regimen as a result of COVID-driven restriction of regular medical services,[2] constitutes other extraordinary and compelling reasons justifying early release. The Court disagrees.

First, Defendant does not demonstrate a concrete, substantial risk of contracting COVID-19 at this time. While CAFCC-Florence has reported a total of 854 confirmed cases of COVID-19 among staff and detainees in the past 16 months, only three detainees and no staff have confirmed cases as of the date of this Order, out of a total detainee population of approximately 4,000, per United States Marshal Service's daily reporting to the Court. As noted at length in the government's response, BOP has undertaken substantial efforts to gain control of infections, resulting in these much lower numbers and concomitant lower risk for spread.

Moreover, BOP has administered approximately 180,000 doses of COVID vaccine

---

[2] The government provides comprehensive treatment records from CAFCC under seal that wholly undermine Defendant's claim that he is not receiving necessary medical attention. (Doc. 349.) The records are replete with substantial treatments and consultations, resulting in improved conditions, including a significant and continuing increase in CD4 counts; they also include repeated instances of additional treatments offered that Defendant has repeatedly refused. The Court notes that Defendant awaits surgery to remove a cystic growth on his posterior that causes him discomfort and at times pain, which has been delayed since 2020 due to COVID restrictions and has not yet been resolved. This issue, while significant, is insufficient to constitute an extraordinary and compelling circumstance without evidence that its lack of resolution will resulted in more grave health consequences.

to inmates and staff thus far nationwide and projects that all inmates who want the vaccine will have had an opportunity to receive it by July of 2021. To this last point, on March 24, 2021—nearly two months ago—Defendant was offered his first dose of the Moderna vaccine which, according to clinical tests and FDA findings, reduces his chance of contracting the virus at all by over 94 percent, and all but eliminates the chance of severe symptoms should he contract it, his co-morbidities notwithstanding. *See* FDA Decision Memorandum, Moderna—Feb. 25, 2021 https://www.fda.gov/media/144636/download. Defendant refused the vaccine. Whatever the reasons for his refusal, the Court will not allow Defendant to create an increased risk to himself—and therefore try to conjure an "extraordinary and compelling" circumstance—by declining a readily available and overwhelmingly significant preventative measure. To do so would, in the words of another district court considering this issue, "reward" a movant for prolonging the risk to himself "with a sentence reduction." *United States v. Lohmeier*, 2021 WL 365773 at *2 (N.D. Ill. Feb. 3, 2021). Finally, while Defendant's HIV and hypertension diagnoses merit additional precautions, per CDC guidelines, they do not put him in any definitive category for increased risk of severe illness for COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The Court finds the circumstances Defendant presents do not constitute extraordinary and compelling circumstances within Section 3582(c)(1)(A)'s meaning. Having so concluded, the Court need not reach the issue of whether Defendant represents a danger to the public if released early. For the above reasons,

**IT IS ORDERED** denying Defendant's "Motion for Compassionate Release (18 U.S.C. §3582(a)(1))" (Doc. 334).

Dated this 24th day of May, 2021.

Honorable John J. Tuchi
United States District Judge